# Blaxter | Blackman LLP

Brian R. Blackman
bblackman@blaxterlaw.com
Direct: 415.500.7705

601 California Street, Suite 1505
San Francisco, CA 94108

www.blaxterlaw.com

July 30, 2020

**VIA ECF**

Honorable Carol Bagley Amon, U.S.D.J
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11021

      Re:    *Walleta Burke v. Whole Foods Market Group, Inc.*
               Case No. 1:19-cv-05913

Dear Judge Amon:

We write on behalf of defendant Whole Foods Market Group, Inc. ("WFM Group"), to request a pre-motion conference to discuss WFM Group's intended motion to dismiss Walleta Burke and Sharon Lucky's ("Plaintiffs") First Amended Complaint ("FAC") under Fed. R. Civ. P. 12(b). WFM Group owns and operates the Whole Foods Market stores in New York, and several other states. Its stores sell the 365 Everyday Value Vanilla Soymilk Beverage ("365 Soymilk"). Plaintiffs allege 365 Soymilk is mislabeled because its packaging says "vanilla" when it may contain flavoring other than vanilla extract. Based on these allegations, Plaintiffs allege claims for injunctive and monetary relief under (1) New York General Business Law ("GBL") §§ 349 & 350 and "Consumer Protection Statutes of Other States and Territories;" (2) for negligent misrepresentation; (3) for breach of warranty, implied warranty of merchantability, and Magnuson Moss Warranty Act; (4) for fraud; and (5) for unjust enrichment. We have briefly outlined below why these claims are defective.

***Plaintiffs' claims are preempted because they attempt to privately enforce the FDCA.*** Plaintiffs' FAC includes numerous allegations claiming 365 Soymilk's packaging and labeling are false and misleading because they do not comply with regulations promulgated under the Food, Drug & Cosmetic Act ("FDCA"). *See* Dkt. No. 16 at, ¶¶19-22, 40-46. These allegations and any claim based on them fail as a matter of law. There is no private right of action under the FDCA. The right to enforce the FDCA rests solely with the FDA. 21 U.S.C. § 337(a). Courts may dismiss when the plaintiff's "true goal is to privately enforce alleged violations of the FDCA." *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997).

***WFM Group has no control or authority over product labeling.*** WFM Group does not manufacture or label 365 Soymilk. It is a retailer. The FAC, therefore, fails to state a claim against WFM Group because it does not allege facts suggesting WFM Group exercised any control or authority over the challenged advertising (i.e., the product's packaging and label). *Cohn v. Kind, LLC*, 2015 WL 9703527, at *3 (S.D.N.Y. Jan. 14, 2015).

***365 Soymilk's labeling is not plausibly deceptive to reasonable consumers.*** To establish conduct is materially misleading under General Business Law §§ 349 and 350, Plaintiffs must

**Blaxter | Blackman LLP**

show that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Mantikas v. Kellog Co.*, 910 F.3d 633, 636 (2d Cir. 2018). A court may determine, as a matter of law, that an allegedly deceptive practice does not misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F,3d 739, 741 (2d Cir. 2013). In fact, earlier this month, the Southern District dismissed a nearly identical vanilla suit brought by Plaintiffs' lawyers, alleging Wegmans' "Vanilla Ice Cream" was deceptively labeled because the product was not flavored by vanilla extract. *Steele v. Wegmans Food Markets, Inc.*, No. 19 Civ. 9227 (LLS), 2020 WL 3975461, at *1 (S.D.N.Y. Jul. 14, 2020). Judge Louis Stanton granted defendant's motion to dismiss, concluding Wegman's label is not deceptive because it does not misrepresent the container's contents and plaintiff contentions otherwise lack factual support.

The reasoning applied in *Steele* applies with equal force to the present matter. Defendant's 365 Soymilk label promises vanilla flavor, not specific ingredients. Reasonable consumers do not interpret the "vanilla" flavor statement on the product's packaging as an ingredient claim or as a promise that the vanilla flavor they taste exclusively comes from a single botanical source. The statement "vanilla" is there to tell consumers how the soymilk will taste. There is no deception. Further, Plaintiffs' newly proffered mass spectrometry analysis suffers from the same flaw identified in the *Steele* decision; it does not demonstrate a lack of vanilla extract. (*Steele,* 2020 WL 3975461, at *3.)

Finally, the 365 Soymilk label is not materially misleading because the product contains the ingredient (i.e., vanilla extract) at issue. *See, e.g., Sarr v. BEF Foods, Inc.*, 2020 WL 729883 at *12-13 (E.D.N.Y. Feb. 13, 2020) (holding that the challenged "Made with Real . . . Butter" claims could not be deceptive as a matter of law when "the Mashed Potatoes do, in fact, contain real butter."). Judges in this district have held that such claims are only potentially cognizable when modifiers like "only" or "exclusively" accompany the label claim at issue. *See, e.g.*, *Campbell v. Freshbev LLC*, 322 F. Supp. 3d. 330, 341 (E.D.N.Y. 2018) (holding challenged "cold- pressed" claims not deceptive because label did not use "only" or "exclusively" modifiers before "cold-pressed"). Here, Plaintiff does not allege that 365 Soymilk does not contain vanilla flavoring. Rather, she merely alleges the products lacks the proper *proportion* of vanilla to other flavors. Dkt. No. 1, ¶¶37-40.

***Plaintiffs have not alleged an injury.*** Plaintiffs' price premium allegations are deficient. They do not allege exactly when they bought the product, what they paid for the product, or how that price compared to competitor's prices. *See, e.g., Colella v. Atkins Nutritional, Inc.,* 348 F. Supp. 3d 120, 143 (E.D.N.Y 2018) (plaintiff "provided no facts regarding what the premium was, what price he paid for the products, or the price of non-premium products.")

***Plaintiffs lack standing.*** Plaintiffs lack standing to seek injunctive relief. Plaintiffs' contention they will buy the product again "if it was reformulated to contain flavor only from

**Blaxter | Blackman LLP**

vanilla or if it is labeled accurately to reflect its contents" is insufficient to establish future injury.  *See* Dkt. No. 16, at ¶ 71.  Plaintiffs' mere consideration not only amounts to insufficient "allegations of future injury," but also implies that Plaintiffs will never be injured by the allegedly offending product again.  *Am. Civ. Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015).

***The FAC fails to state a claim for fraud.***  Plaintiffs' fraud claim should be dismissed because they have not alleged facts that "give rise to a strong inference of fraudulent intent." *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.,* 117 F.3d 655, 663 (2d Cir. 1997).  The FAC does not allege facts to show that WFM Group either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness."  *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Further, Plaintiffs' allegations fail to satisfy the requirements of Rule 9(b); she has not alleged facts showing a misrepresentation on the product label.  Consumers understand they are purchasing soymilk that tastes like vanilla and the label accurately lists the product's ingredients.

***Plaintiffs' negligent misrepresentation claim fails.***  Under New York common law, a claim of negligent misrepresentation requires a special relationship of trust.  *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 677 (E.D.N.Y. 2017).  Plaintiffs' conclusory allegation that WFM Group owed them a duty because it holds "itself out as having special knowledge in the production, service and/or sale of the product" lacks merit.  *See* Dkt. No. 16, at ¶94.  "[I]f this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case."  *Stolz v. Fage Dairy Processing Indus.*, 2015 WL 5579872 at *25 (E.D.N.Y Sept. 22, 2015)*.*  Further, the economic loss rule bars this claim.  *Gordon v. Hain Celestial Grp., Inc.*, 2017 WL 213815, at *14-15 (S.D.N.Y. Jan. 18, 2017) ("plaintiff and the putative class members purchased products they would have otherwise purchased at a lesser price or not at all" are subject to the economic loss doctrine.)

***Plaintiffs' claims for express and implied warranty, MMWA and unjust enrichment claims fail for claim specific reasons***.  The express warranty claim fails because Plaintiffs' vague and conclusory allegations do not provide a sufficient factual basis to establish a plausible breach (*Tomasino v. Estee Lauder Cos*., 44 F. Supp. 3d 251, 263 (E.D.N.Y. 2014)) and because Plaintiffs failed to provide notice of the alleged breach. *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018).  The implied warranty of merchantability and MMWA claims fail because Plaintiffs fail to allege that the product was not merchantable. *Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 536022, at *11 (E.D.N.Y. Sept. 14, 2015) (food products need only be fit for human consumption to be merchantable); *In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *18 (S.D.N.Y. July 15, 2016) (MMWA claims should be dismissed if duplicative of other claims). And Plaintiffs' unjust enrichment claim fails as duplicative of his other claims. *Corsello v. Verizon N.Y. Inc*., 18 N.Y.3d 377, 790 (2012).

**Blaxter | Blackman LLP**

Respectfully submitted,

*/s/ Brian R. Blackman*
Brian R. Blackman for
Blaxter | Blackman

cc:    David Adams (via ECF)
        Spencer Sheehan (via ECF)
        Michael R. Reese (via ECF)